Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
STIPULATIONS
1. At the time of the accident defendant-employer was not insured.
2. Plaintiff contends the employer-employee relationship existed between defendant-employer and plaintiff on the 18th day of August, 1993, the alleged date of injury, but defendant-employer denies the relationship existed at the time of the injury.
3. Plaintiff's average weekly wage was approximately $650.00.
4. Oakview Farms reimbursed Eggspress Trucking for the time plaintiff worked for Oakview Farms.
In addition, the parties stipulated into evidence a packet of medical records and reports.
The Pretrial Agreement dated February 16, 1996 is incorporated by reference.
* * * * * * * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. During the year before August 1993, William Cooper, Jr. and his wife owned a farm which they used to produce chicken eggs. Mr. Cooper had a contract with a company which apparently provided him with over 10,000 mature laying hens. The Coopers were responsible for feeding and watering the hens, gathering the eggs and then taking the eggs to designated facilities where they would be graded and packaged for sale. In that the Cooper's farm was located further than the contracting company usually allowed, the trucking operation was required to be kept separate from the farm. Apparently, Mr. Cooper and David McLaurin operated Eggspress Trucking as a partnership. They only had one truck which was used to deliver the eggs according to the contract with the processing company.
2. As of August 1993 plaintiff had been working for both Eggspress Trucking and Oakview Farms for at least one and one half years. He was the primary driver for the trucking company, although there were a few occasions when someone else would drive the truck in his place. He not only transported eggs but he also picked up chicken feed with the truck. In addition to his driving duties for Eggspress trucking, he also performed mechanical work for Oakview Farms. The feeding, watering, manure removal and egg gathering functions at the farm were all automated, and the equipment required regular maintenance and repair. Plaintiff worked on the equipment to some degree every week. Mr. Cooper had instructed him to keep up with his working hours for the farm separately from those for the trucking company. Eggspress Trucking paid him for the total number of hours he worked each week but was reimbursed by Oakview Farms for the hours he spent working at the farm.
3. During the year before August 18, 1993, it was rare for someone else to drive the truck besides plaintiff. The trucking company clearly did not employ three employees on a regular basis. The evidence did not establish that even one other person drove on roughly a weekly basis. Plaintiff was the only regular employee for Eggspress Trucking.
4. Oakview Farms employed a number of workers, some on a full time basis and some on a part-time basis. Angel and Pablo Alberto worked full time for the farm. Sammy Morris, Alvin Gunther, Francisco and plaintiff worked on a part-time basis. There were some other employees who also worked during the year in question, but they were not shown to be full time employees. Rather, only two full time farm workers were established by the evidence.
5. In the summer of 1993, plaintiff talked Mr. Cooper into buying his mobile home. The mobile home was to be set up on the farm property along with another mobile home already owned by Mr. Cooper. Angel and Pablo were to live in them because neither had a driver's license and Mr. Cooper believed that it would be beneficial for the two full time farm workers to live on the premises. There is a dispute as to whether plaintiff agreed to install the mobile home on his own time, but a decision regarding that issue is not necessary.
6. On August 18, 1993 plaintiff, Alvin Gunther and Francisco began the process of setting up the mobile home plaintiff had sold to Mr. Cooper. While plaintiff was working underneath the trailer, it dropped down on him, pinning him against the ground. Sammy Morris had just driven up at that time, saw what happened and managed to push plaintiff out from under the part that had him pinned. Plaintiff was then taken to the hospital where he was diagnosed with a compression fracture of his twelfth thoracic vertebra. He has claimed compensation for that injury.
* * * * * * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On August 18, 1993 William Cooper, Jr. doing business as Eggspress Trucking did not regularly employ at least three employees and was therefore not subject to and bound by the provisions of the Worker's Compensation Act. G.S. § 97-2(1); G.S. § 97-13(b).
2. William Cooper, Jr. doing business as Oakview Farms did not regularly employee at least ten full time nonseasonal farm workers and therefore was not subject to and bound by the provisions of the Worker's Compensation Act. G.S. § 97-2(1); G.S. § 97-13(b).
3. In that neither of plaintiff's employers was subject to the Worker's Compensation Act, the Industrial Commission does not have jurisdiction over this claim. G.S. § 97-2 et seq.
* * * * * * * * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. This claim is hereby DISMISSED for lack of jurisdiction.
2. Each side shall pay its own costs.
 S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ______________________ J. HOWARD BUNN CHAIRMAN
S/ ______________________ LAURA K. MAVRETIC COMMISSIONER
BSB:jmf